Opinion filed August 6, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 6,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00309-CV 

                                                     __________

 

IN THE INTEREST OF A.N. AND S.N., CHILDREN

 

 



 

On Appeal from the County Court At Law No. 2

 

 Ector County, Texas

 

Trial Court Cause No. CC2-2720-PC

 



 

                                               M
E M O R A N D U M   O P I N I O N

Appellant
is the mother of A.N. and S.N.  After a bench trial, the trial court terminated
the parent-child relationship between the children and appellant.  The trial
court appointed the Texas  Department of Family and Protective Services as the
permanent sole managing conservator of the children.  We reverse and remand.[1]

The
sole issue brought by appellant is her claim that the evidence is legally
insufficient to support termination based on a finding under Tex. Fam. Code Ann. ' 161.001(l) (Vernon 2008).








The
relevant facts are not in dispute.  According to the father of the children, it
seems that the events of the day began when he went to the plasma center to
sell blood to buy beer and cigarettes.  He bought the alcohol and gave some of
it to appellant.  He and appellant continued to drink, to party, and eventually
to argue.  Appellant became upset, and she drove away from the place where the
party was being held.  Five-year-old A.N. and three-year-old S.N. were in the
vehicle with her, unrestrained in the backseat.  Appellant was holding another
child, an infant, in her lap as she drove away.  The infant died when appellant
drove her vehicle into a telephone pole.   As a result of the crash, A.N. and
S.N. received cuts and bruises Aall
over their bodies@ and
were admitted to the hospital for observation.  Subsequently, appellant was
convicted, upon her plea of guilty, of intoxication manslaughter and remained
incarcerated at the time of the trial of this case. 

The
trial court found by clear and convincing evidence that termination of the
parent-child relationship between appellant and A.N. and S.N. would be in the
best interest of the children.  That finding has not been challenged.  The
trial court also found that appellant had:

[B]een
convicted or has been placed on community supervision, including deferred
adjudication community supervision, for being criminally responsible for the
death or serious injury of a child under the following sections of the Penal Code
or adjudicated under Title 3 for conduct that caused the death or serious
injury of a child and that would constitute a violation of one of the following
Penal Code sections:

 

(i)    
Section 19.02 (murder);

(ii)   
Section 19.03 (capital murder);     

(iii)  
Section 19.04 (manslaughter);

(iv)  
Section 21.11 (indecency with a child);

(v)   
Section 22.01 (assault);

(vi)  
Section 22.011 (sexual assault);

(vii) 
Section 22.02 (aggravated assault);

(viii)
Section 22.021 (aggravated sexual assault);

(ix)
  Section 22.04 (injury to a child, elderly individual, or disabled
individual);

(x)   
Section 22.041 (abandoning or endangering child);

(xi)  
Section 25.02 (prohibited sexual conduct);

(xii) 
Section 43.25 (sexual performance by a child);

(xiii)
Section 43.26 (possession or promotion of child pornography); and

(xiv)
Section 21.02 (continuous sexual abuse of young child or children).








Appellant
argues that the evidence is legally insufficient to support a termination of
her rights under Section 161.001(l).  Specifically, appellant=s position is that,
although she was convicted of intoxication manslaughter, intoxication
manslaughter is not one of the offenses enumerated in Section 161.001(1). 

Involuntary
termination proceedings and statutes are strictly scrutinized in favor of the
parent. Holick v. Smith, 685
S.W.2d 18, 20-21 (Tex. 1985).  Due process requires that the grounds for
termination be established by clear and convincing evidence. This requires the
measure or degree of proof that will produce in the mind of the trier of fact a
firm belief or conviction as to the truth of the allegations sought to be
established.  Tex. Fam. Code Ann.
' 101.007 (Vernon
2008); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 31 (Tex. 1994).

           When
conducting a legal sufficiency review, we review the entire record in the light
most favorable to the finding and determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In
re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  We must assume that the trial
court resolved disputed facts in favor of its finding.  Phillips v. Tex. Dep=t of Protective & Regulatory Servs., 149 S.W.3d 814, 817 (Tex. App.CEastland 2004, no pet.).  We must also disregard all evidence that a
reasonable factfinder could have disbelieved or found incredible, but we cannot
disregard undisputed facts. In re J.F.C., 96 S.W.3d at 266.

Manslaughter,
as defined in Tex. Penal Code Ann.
' 19.04 (Vernon 2008),
is one of the enumerated offenses upon which termination of the parent-child
relationship might be based, either after conviction or after having been
placed upon community supervision (including deferred adjudication community
supervision).  Appellant argues, however, that intoxication manslaughter is a
separate offense from manslaughter and is not listed in Section 161.001(1) as
providing a basis for termination.[2]  Therefore,
she says, because the trial court specifically terminated her rights under
Section 161.001(1), the evidence is legally insufficient to support the
termination.








The
Department responds to appellant=s
argument in two ways.  First, it agrees with appellant that intoxication
manslaughter Ais not a
specifically enumerated conviction@
under Section 161.001(1).  It also agrees that A[t]he first clause, which [appellant] argues
that the Department does not meet, states that termination may be granted if a
parent has actually been convicted of one of the foregoing [P]enal [C]ode
offenses.@  However,
the Department claims that proving a conviction for one of the enumerated
offenses is not the only way that it can prove its case for termination; it can
also prove its case under the statute if it can show under Section
161.001(l)(L) that a parent has been Aadjudicated
under Title 3 for conduct that caused the death or serious injury of a child
and that would constitute a violation of one of the [enumerated statutes].@  

The
Department argues that ATitle
3@ as contained in
Section 161.001(l) refers to Title 3 of the Texas Penal Code, the Penal Code
section that refers to punishments. However, Section 311.006(1) of the
Texas Code Construction Act provides that a reference to a title within a code,
without further identification, refers to the code.  Section 161.001(l) is
within the Texas Family Code.  There is no further identification of ATitle 3@ in Section 161.001(l).  
Therefore, Title 3 as mentioned in Section 161.001(l) is a reference to the
Texas Family Code, not the Texas Penal Code.  See Tex. Gov=t Code
Ann. '
311.006(1) (Vernon 2005).  

Title
3 of the Texas Family Code contains the Juvenile Justice Code.  Consistent with
our holding that the reference to Title 3 in Section 161.001(l) is a reference
to the Family Code, the word Aadjudicate@ is a term of art within
Title 3 of the Texas Family Code.   See, e.g., Tex. Fam. Code Ann. '
54.03 (Vernon 2008) (referring to an adjudication hearing at which a
determination is made as to whether a child engaged in delinquent conduct or
conduct indicating a need for supervision).

Also
consistent with our holding is the statement in the Family Code that, with
exceptions not here relevant, an order of adjudication is not a conviction of
crime.  Tex. Fam. Code Ann. ' 51.13 (Vernon 2008). 
Without the Aadjudication@ language in Section
161.001(l), it would not be possible to terminate the parental rights of a
juvenile parent solely upon the grounds that she had committed one of the
enumerated acts in Section 161.001(l) but was not convicted in the adult
justice system but, rather, was adjudicated in the juvenile justice system.








We
hold that the reference to Title 3 in Section 161.001(l) is a reference to that
part of the Texas Family Code known as the Juvenile Justice Code.  Tex. Fam. Code Ann. '' 51.01-61.107 (Vernon
2008).

While
we express no opinion on whether there might have been other grounds upon which
appellant=s parental
rights might have been terminated, the trial court was very specific that
termination was based upon appellant=s
conviction for intoxication manslaughter.  Intoxication manslaughter is covered
by Section 49.08 of the Texas Penal Code and is not an enumerated offense in
Section 161.001(l).  The offense of manslaughter is covered by Section 19.04 of
the Texas Penal Code and is an enumerated offense in Section 161.001(l) of the
Texas Family Code. Section 161.001(1) is very specific, and in it, the
legislature referred to specific sections of the Texas Penal Code.  Perhaps the
legislature would want to consider adding Section 49.08 of the Penal Code to
the list contained in Section 161.001(l) of the Family Code.  However, for now,
appellant was never convicted of any of the enumerated offenses, nor had she
been adjudicated under Title 3 of the Texas Family Code to have engaged in
conduct that violated any of the specific Penal Code sections listed in Section
161.001(l).  The evidence was legally insufficient to support a finding that
she had.  Appellant=s
sole issue on appeal is sustained.

Appellant
has asked us to render judgment denying the petition for termination.  We note
that she has not challenged the trial court=s
finding and judgment that it would be in the best interest of the children if
her parental rights were terminated.  While we normally would render the
judgment that the trial court should have rendered when we reverse a case on
legal insufficiency grounds, we do have the authority to remand when it would
be in the best interest of justice to do so.  Tex.
R. App. P. 43.3; In re N.A.F., 282 S.W.3d 113 (Tex. App.CWaco 2009, no pet.);  Williams
v. Williams, 150 S.W.3d 436 (Tex. App.CAustin
2004, pet. denied).  Appellant has said that she was guilty of intoxication
manslaughter because she was intoxicated when she drove her vehicle in such a
manner as to cause the death of her infant son.  She did not contest the
finding that it would be in the best interest of the children to terminate her
parental rights.  The case before us is a case of first impression regarding
the application of the offense of intoxication manslaughter in this context. 
The interests of justice are better served by a remand of this case in light of
our holding in this opinion.








The
judgment of the trial court is reversed, and we remand this case for another
trial.  There has been no complaint regarding the temporary orders that the
trial court entered earlier, and those temporary orders remain in effect
pending the new trial of this case.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 6, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]J.N. III is the father of the children.  His rights
were not terminated.  J.N. III was appointed a possessory conservator with
restricted visitation and is not a party to this appeal.





[2]Prior to September 1, 1994, there was no offense called
Aintoxication@
manslaughter.  Before that time, former Tex.
Penal Code ' 19.05(a) (1974)
provided that involuntary manslaughter could be committed in one of two ways: 
(1) by Arecklessly caus[ing] the death of an individual@ or (2) Aby accident or
mistake when operating a motor vehicle, airplane, helicopter, or boat while
intoxicated and, by reason of such intoxication, caus[ing] the death of an
individual.@  After September 1,1994, the second way to commit
involuntary manslaughter under the old law became intoxication manslaughter
under Tex. Penal Code Ann. ' 49.08 (Vernon Supp. 2008).  Before the effective date
of Section 49.08, intoxication manslaughter was simply one alternate method of
committing the offense of involuntary manslaughter under the former statute.  See
Ex parte Roemer, 215 S.W.3d 887 (Tex. Crim. App. 2007).